IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JASMINE BRETTO, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>  Defendant. | Case No. 23-2317-DDC-ADM |

## ORDER

This matter comes before the court on the parties' Joint Motion to Stay Discovery and Modify the Motion to Dismiss Briefing Schedule. (ECF 36.) By way of this motion, the parties first ask the court to stay the proceedings in this case, including discovery and the setting of deadlines, pending a ruling on defendant's motion to dismiss (ECF 37). They also ask the court to extend the briefing deadlines on the motion to dismiss. For the reasons discussed below, this motion is granted in full.

## Motion to Stay

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). Whether to grant a

stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, the court agrees with the parties that a short stay is appropriate. Defendant's motion to dismiss asserts that plaintiffs' claims are barred in their entirety, such that this case may be finally concluded by the ruling on the motion. Discovery is not necessary to resolve the motion, which hinges on novel questions of law, including statutory interpretation of the Video Privacy Protection Act. As a result, moving forward with discovery at this time could prove wasteful and burdensome for both the court and the parties. Thus, the court believes that a short stay will facilitate the just, speedy, and inexpensive determination of this action. *See* FED. R. CIV. P. 1. The court stays the case pending a resolution of the motion to dismiss. The scheduling conference set for October 24, 2024, is vacated.

## Extension of Briefing Deadlines

The parties next request that the court modify the D. Kan. Rule 6.1(d) briefing deadlines applicable to motions to dismiss. They have agreed that plaintiffs' response to the motion to dismiss will be due by November 26 and defendant's reply in support of the motion to dismiss will be due by December 20. The court grants the parties' joint request to set this briefing schedule.

*******

**IT IS THEREFORE ORDERED** that that the parties' Joint Motion to Stay Discovery and Modify the Motion to Dismiss Briefing Schedule (ECF 36) is granted.

**IT IS FURTHER ORDERED** that discovery, including the requirements of preparing a report of parties' planning meeting and exchanging Rule 26 initial disclosures, is stayed pending further order of the court. The scheduling conference set for October 24, 2024, is vacated. If this case remains pending after the court decides the motion to dismiss, the parties must file a joint

3

motion to lift the stay within **14 days** of the court's ruling.  Concurrent with the filing of their motion, the parties are directed to submit via email to the undersigned's chambers a proposed scheduling order, using the form order available on the court's website.  The court then will re-set the scheduling conference.

**IT IS FURTHER ORDERED** that plaintiffs' response to the motion to dismiss (ECF 37) will be due by **November 26, 2024,** and defendant's reply in support of the motion to dismiss will be due by **December 20, 2024**.

Dated October 22, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
